CHARLES TALMAGE, BY HIS NEXT FRIEND, v. CHARLES SMITH.

*Trespass to the person—Intent—Contributory negligence—Opening to jury.*

1. Where in an action of trespass for the throwing of a stick by the defendant, which struck the plaintiff, the right of recovery is made to depend upon an intention on the part of the defendant to hit somebody, and to inflict an unwarranted injury upon some one, the fact that the injury resulted to another than was intended will not relieve the defendant from liability.[1]

---

[1] Intent, as an element of an assault, is the subject of a note to the Wisconsin case of *Vosburg v. Putney*, 14 L. R. A. 226.

2. In a suit by an infant plaintiff for an injury inflicted upon him
   by the defendant, the attorney for the plaintiff, in his opening
   to the jury, stated that the subject-matter of the suit had been
   submitted to arbitration by the plaintiff's father and the
   defendant, and that a certain compensation for the trespass
   alleged to have been committed had been agreed upon, and
   repeated the proposition in his offer of testimony. The offered
   testimony was excluded, and the circuit judge not only specially
   cautioned the jury not to take the matter into account, but
   further defined the issues with exceptional clearness in his
   charge. And it is held that the ruling was proper, but that
   the Court are not prepared to say that the statement of coun-
   sel was intended by him to influence the jury improperly, or
   that, under the circumstances, it had that result; and that the
   case falls within the rulings in *Daniels v. Weeks*, 90 Mich. 190;
   *Kirchner v. Railway Co.*, 91 Id. 400; *Prentis v. Bates*, 93 Id.
   234.[1]

Error to Ionia. (Smith, J.) Submitted on briefs June
7, 1894. Decided July 5, 1894.

Trespass. Defendant brings error. Affirmed. The facts
are stated in the opinion.

*George E. Nichols*, for appellant.

*F. D. M. Davis* (*F. C. Miller*, of counsel), for plaintiff.

MONTGOMERY, J. The plaintiff recovered in an action
of trespass. The case made by plaintiff's proofs was sub-
stantially as follows: On the evening of September 17,
1891, some limekilns were burning a short distance from
defendant's premises, in Portland, Ionia county. Defend-
ant had on his premises certain sheds. He came up to

---

[1] See *Prentis v. Bates*, 93 Mich. 234, holding that nothing short
of bad faith or a gross misconception of what is admissible, result-
ing in bringing to the attention of the jury matters wholly irrel-
evant, and of a nature calculated to create so profound an
impression that the charge of the court cannot eliminate the
prejudice produced, will justify an appellate court in vacating a
judgment on the ground of improper opening, either in statement
of the law or fact.

the vicinity of the sheds, and saw six or eight boys on the roof of one of them. He claims that he ordered the boys to get down, and they at once did so. He then passed around to where he had a view of the roof of another shed, and saw two boys on the roof. The defendant claims that he did not see the plaintiff, and the proof is not very clear that he did, although there was some testimony from which it might have been found that plaintiff was within his view. Defendant ordered the boys in sight to get down, and there was testimony tending to show that the two boys in defendant's view started to get down at once. Before they succeeded in doing so, however, defendant took a stick, which is described as being two inches in width and of about the same thickness and about 16 inches long, and threw it in the direction of the boys; and there was testimony tending to show that it was thrown at one of the boys in view of the defendant. The stick missed him, and hit the plaintiff just above the eye with such force as to inflict an injury which resulted in the total loss of the sight of the eye.

Counsel for the defendant contends that the undisputed testimony shows that defendant threw the stick without intending to hit anybody, and that under the circumstances, if it in fact hit the plaintiff,—defendant not knowing that he was on the shed,—he was not liable. We cannot understand why these statements should find a place in the brief of defendant's counsel. George Talmage, the plaintiff's father, testifies that defendant said to him that he threw the stick, intending it for Byron Smith,— one of the boys on the roof,—and this is fully supported by the circumstances of the case. It is hardly conceivable that this testimony escaped the attention of defendant's counsel.

The circuit judge charged the jury as follows:

" If you conclude that Smith did not know the Talmage

boy was on the shed, and that he did not intend to hit Smith, or the young man that was with him, but simply, by throwing the stick, intended to frighten Smith and the other young man that was there, and the club hit Talmage, and injured him, as claimed, then the plaintiff could not recover. If you conclude that Smith threw the stick or club at Smith, or the young man that was with Smith,—intended to hit one or the other of them,—and you also conclude that the throwing of the stick or club was, under the circumstances, reasonable, and not excessive, force to use towards Smith and the other young man, then there would be no recovery by this plaintiff. But if you conclude from the evidence in the case that he threw the stick, intending to hit Smith, or the young man with him,—to hit one of them,—and that that force was unreasonable force, under all the circumstances, then Smith, you see (the defendant), would be doing an unlawful act, if the force was unreasonable, because he had no right to use it; then he would be doing an unlawful act. He would be liable, then, for the injury done to this boy with the stick, if he threw it intending to hit the young man Smith, or the young man that was with Smith on the roof, and the force that he was using, by the throwing of the club, was excessive and unreasonable, under all the circumstances of the case; if it was, and then the stick went on and hit the boy, as it seems to have hit him, if it was unreasonable and excessive, then he would be liable for the consequences of it, because he was doing an unlawful act in the outset; that is, he was using unreasonable and unnecessary force—excessive force—against Smith and the young man, to get them off the shed."

We think the charge a very fair statement of the law of the case. The doctrine of contributory negligence could have no place in the case. The plaintiff, in climbing upon the shed, could not have anticipated the throwing of the missile, and the fact that he was a trespasser did not place him beyond the pale of the law. The right of the plaintiff to recover was made to depend upon an intention on the part of the defendant to hit somebody, and to inflict an unwarranted injury upon some one. Under these circumstances, the fact that the injury resulted to another than was intended does not relieve the defendant from

responsibility. The cases cited in defendant's brief, we think, support this rule. *Scott v. Shepherd*, 3 Wils. 403, 2 W. Bl. 892; *Railroad Co. v. Riley*, 39 Ind. 568. The case is to be distinguished from a case of negligence on the part of defendant. The act is found by the jury to have been a willful act.

Plaintiff's counsel, in opening the case, referred to a conversation between the plaintiff's father and the defendant, and stated that they submitted the matter to arbitration, and that a certain compensation was agreed upon between the parties, and this proposition was repeated in the offer of testimony. This the circuit judge ruled out, and held that it was not competent to go to the jury, and cautioned the jury that the proposition should have no weight with them. The ruling of the circuit judge was proper, but we are not prepared to say that the statement of counsel was intended by him to influence the jury improperly, nor do we think, under the circumstances of this case, that it had that result. The circuit judge not only specially cautioned the jury not to take the matter into account, but further defined the issues with exceptional clearness in his charge. Under these circumstances, we think the case falls within the rulings of this Court in *Kirchner v. Railway Co.*, 91 Mich. 400, *Prentis v. Bates*, 93 Id. 234; *Daniels v. Weeks*, 90 Id. 190.

The judgment will be affirmed, with costs.

MCGRATH, C. J., LONG and HOOKER, JJ., concurred. GRANT, J., concurred in the result.