## MORROW v. FLORES.

No. 15084.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 18, 1949.

Rehearing Denied Jan. 6, 1950.

622

---

Wm. B. Townsend and M. Hendricks Brown, both of Fort Worth, for appellant.

Joe Spurlock, of Fort Worth, for appellee.

HALL, Justice.

Appellee Martin Flores sued appellant Will C. Morrow in a district court of Tarrant County, Texas, alleging assault and battery as a cause of action for damages, to-wit:

"On or about June 2, 1945, the defendant wilfully and maliciously shot plaintiff.

"In the alternative plaintiff says that if the defendant at the time he shot plaintiff did not act with intentional malice toward plaintiff, that the defendant did shoot wilfully and maliciously and that if he did not intend to shoot plaintiff, that he did intend to unlawfully shoot someone and that on said occasion the defendant fired a pistol on a public sidewalk with many people around and did not care who he hit or who was shot and that such assault and shooting was wilful and malicious conduct, was such a wanton and careless disregard of the safety and rights of the public, and particularly the plaintiff, that such conduct amounted to malicious and wilful conduct."

Appellant Morrow answered by a general denial and also specially pleaded that any injury which appellee had received was neither willful nor intentional on the part of appellant toward appellee but that appellant's firing of the gun on the occasion of appellee's being injured arose out of appellant's lawful defense of himself against a third party who was threatening death or serious bodily injury to him; and in the alternative was a defense against a minor attack and against the unlawful interference with his property and that he used only that degree of force that appeared to him to be necessary.

Upon answers made by a jury to special issues the court rendered judgment in favor of appellee and against appellant for the sum of $3,500 actual and $1,000 exemplary damages.

Appellant submits six points of error as follows:

1. "The Court erred in failing to submit to the jury an issue inquiring whether appellant, Will C. Morrow, intentionally fired his pistol at appellee, Martin Flores."

2. "The Court erred in overruling appellant's objections to questions propounded by appellee's attorney to witness, L. A. Burkhalter, in allowing said witness to answer same, and in failing to declare a mistrial after such testimony had been admitted before the jury, for the reasons that such questions called for and elicited immaterial, irrelevant and opinion evidence that prejudiced and inflamed the jury against appellant and his cause."

3. "The evidence is wholly insufficient to support the jury's finding of actual damages in the amount of $3,500.00."

4. "The Court erred in allowing the jury to consider loss of earnings as a part of the damages."

5. "The Court erred in refusing to give defendant's specially requested instruction and definition of the term 'malice' in connection with his instruction on exemplary damages."

6. "The Court erred in overruling appellant's challenge of venireman Robert Gonzales for cause for the reasons that said Gonzales was disqualified to serve as a juror and was an unfit person to sit on the jury, such ruling depriving the appellant of his six peremptory challenges and forcing him to take on the jury a person objectionable to him."

The undisputed facts in the case at bar are substantially as follows:

Appellant owned and operated a business house in the City of Fort Worth, Tarrant County, Texas, wherein, among other things, he sold beer, the incident occurring during the war. Appellant had his place of business distinguished from other places of business with the Army by having it established as being "off limits" for soldiers. On the date of the occasion in question, the testimony shows a Mexican soldier by the name of Garcia entered appellant's place of business and upon being refused service for beer he seized a bottle from one of the customers and threw the same into the mirror of the back bar, breaking the glass of the mirror and causing some disturbance. Appellant was in the back of his place of business at the time. Upon being informed what had happened he began a search for the assailant of his property. He got in his car with a friend and drove around the block looking for the soldier whom he had never seen before. When he arrived back in front of his place of business and parked his car there, some one remarked, "there he comes." This same soldier Garcia was then seen running toward the front of appellant's building carrying a large heavy metal brake drum, which he immediately threw into the plate glass window of appellant's front window. Appellant jumped out of his car and attempted to apprehend Garcia and either struck Garcia with a pistol or attempted to strike him on the head with a pistol. The pistol fell to the sidewalk. Garcia and appellant scuffled for it; appellant was successful in recovering the pistol. Garcia started to run and had run past appellee, according to appellee's testimony, at the time appellant shot. From appellee's testimony it is assumed that Garcia had passed him and was therefore behind him at the time appellant pulled the trigger; the bullet entered appellee's foot, which is the basis for this law suit.

The court submitted issues to the jury inquiring:

(1) As to whether the injury to appellee was inflicted by appellant while appellant was not acting in self defense against an assault at the hands of Garcia which threatened him with death or serious bodily injury.

(2) Whether the injury to appellee was inflicted while appellant was not acting in defense of unlawful violence to Morrow's property.

(3) Whether the shooting was not the result of an unavoidable accident.

The jury answered the above issues against appellant and upon answers to other special issues submitted, the jury found appellee was entitled to recover $3,500 actual damages and $1,000 exemplary damages.

In discussing appellant's point No. 1 it is noted that the trial court submitted the case to the jury and both parties tried the case upon the law of assault and battery.

Appellant's main contention in his point No. 1 is that the court erred in failing to submit to the jury his following special issue: "Do you find from a preponderance of the evidence that the defendant, Will C. Morrow, intentionally fired such pistol at the plaintiff? Answer 'Yes' or 'No.' Answer:————." 

Since appellee, the court and appellant tried this case on the theory that it came under the law of assault and battery, we disagree with appellant that his contentions are correct, because a portion of the law of assault and battery in Texas is as follows: "An assault or an assault and battery may be committed

* * * though the person actually injured thereby was not the person intended to be injured." Art. 1140, P.C.

While we have found no civil cases directly in point in Texas tried under an action of assault and battery where third persons were unintentionally injured; neither have we been cited to any such case by appellant or appellee, yet we find in other jurisdictions the law to be in harmony with the theory under which the trial court submitted this case, such as in the case of Carnes v. Thompson, Mo.Sup., 48 S.W.2d 903, 904, that court makes the following statement: "Plaintiff's evidence unquestionably, made a case for the jury. Defendant says that the evidence does not show that he at any time intended injury and harm to the plaintiff, and that he was never close enough to plaintiff's husband to strike him. However, plaintiff's evidence was sufficient to justify a finding that defendant struck at plaintiff's husband, in anger, with the pliers, and that, when he dodged the blow, plaintiff received it. If one person intentionally strikes at, throws at, or shoots at another, and unintentionally strikes a third person, he is not excused, on the ground that it was a mere accident, but it is an assault and battery of the third person. Defendant's intention, in such a case, is to strike an unlawful blow, to injure some person by his act, and it is not essential that the injury be to the one intended. West v. Forrest, 22 Mo. 344; Murphy v. Wilson, 44 Mo. 313, 100 Am. Dec. 290; Morgan v. Mulhall, 214 Mo. 451, 114 S.W. 4; Talmadge v. Smith, 101 Mich. 370, 59 N.W. 656, 45 Am.St.Rep. 414; Davis v. Collins, 69 S.C. 460, 48 S.E. 469; Cooley on Torts, 164; 2 R.C.L. 530, § 7; 5 C.J. 624, § 9." See also Savage v. State, Tex.Cr.R., 272 S.W. 193.

In 4 Am.Jur., p. 130, under Assault and Battery, a portion of paragraph 7 reads as follows: "But in an action for assault and battery, specific intent to injure the particular person upon whom the injury was in fact inflicted is not essential. For instance, an act done with the intention of inflicting injury upon a third person which causes injury to the plaintiff renders the defendant fully as liable as though he had intended to injure the plaintiff. But where a person commits a wanton, reckless, and dangerous act that may result in injury to any one of a number of persons, such as shooting into a crowd, he is guilty of assault and battery, even though he had no specific intent to injure any particular person. * * * Likewise, where one person puts in motion a missile with the specific intention of hitting another therewith, but through poor aim or the agility of the person aimed at, the object misses him and hits another, the aggressor is liable both civilly and criminally for the injury caused."

"It is not necessary, to constitute an assault and battery, that there be a specific intention of striking or otherwise injuring plaintiff. If defendant unlawfully aims at one person and hits another, he is guilty of assault and battery on the person hit, the injury being the direct, natural, and probable consequence of the wrongful act. So, if one of two persons fighting unintentionally strikes a third, the person so striking is liable in an action by the third person for an assault and battery." 6 C.J. S., Assault and Battery § 10(2), p. 804.

We have carefully read the case of Koons v. Rook, Tex.Com.App., 295 S.W. 592, but the law in that case is not raised here by appellant. The Koons case, however, is the only one we have found in Texas dealing with the proposition where a third party is injured, but we feel that the facts in this case present a cause of action under assault and battery, especially since there is no objection thereto. Appellant's point No. 1 is overruled.

Appellant's point No. 2 is based upon error of the court in allowing appellee to adduce from his witness, L. A. Burkhalter, inadmissible testimony, in that on redirect examination appellee asked Burkhalter, "Why didn't you go inside the cafe?" Defendant objected for the reason that the answer sought to be elicited was irrelevant, immaterial and prejudicial. After the court overruled the objection, the witness testified as follows: "Because it was dangerous to go around in front of that place," meaning appellant's place. Appellant moved the court to instruct the jury

not to consider the answer and strike the same from the record, which was overruled. During the same interrogation the court further allowed the witness to answer the following question: "On what do you base that statement?" The defendant again objected for the reason it called for an opinion and conclusion testimony and the same was irrelevant, immaterial and prejudicial. This objection was overruled by the court also. The witness then answered: "Well, on several occasions there has been glass bottles and things throwed out, there has been people throwed out of there out on the sidewalk and kicked after they were down and out on the sidewalk." Defendant again renewed his objection and asked for a mistrial. The court withdrew the testimony from the jury in the following manner: "The Court: I believe the testimony as to these particular people which he was cross examined about would be admissible, but I instruct the jury to disregard this last answer about people being thrown out and kicked after they were down."

■ Appellee defends against appellant's point No. 2 by contentions which are to the effect that prior to the above testimony appellant upon cross examination of the witness Burkhalter had asked Burkhalter if he had gone in front of the place of business and, if he did not, was he concerned about appellant's place of business being torn up and had the witness tried to secure the lease out from under appellant and in substance tried to leave the witness in bad repute with the jury and therefore the witness had a right to explain reasons why he did not go in front of the place of business. We have read the testimony of the witness Burkhalter and we find that his testimony objected to by appellant was in answer to appellant's inquiry of the witness upon cross examination. We further find that the court's instruction to the jury not to consider the most injurious part of the testimony removed whatever error it may have created. Finding that appellee's contention is well taken, we overrule appellant's point No. 2.

■ We overrule appellant's point No. 3 based upon the contention that the evidence is wholly insufficient to support the jury finding of actual damages in the amount of $3,500, because appellee testified the bullet hit the instep of his left foot and went through the top of his arch. The little brass eye through which the shoe lace runs was in front of his foot and he had to have the pieces of the brass eye taken from his foot; he could not wear a shoe for a long time after the shooting and he could not tie his shoe at the time of trial; that his foot hurt him on cold days, that he was in bed for about a month after the injury and was on crutches for about a month thereafter, that he was limping at the time of trial; that he lost his seniority with Swift and Company, that he was not able to do any work for about a year after the shooting, etc., which we find is sufficient to support the jury finding of actual damages in the sum of $3,500.

We consider appellant's points Nos. 4 and 5 are not before us under Rules 321, 322, and 374, Texas Rules of Civil Procedure.

Authority for appellant's points Nos. 4 and 5 are his paragraphs 9 and 11 in his amended motion for new trial, which are as follows:

9. "The court erred in overruling defendant's objections and exceptions to the court's main charge."

11. "The court erred in refusing to give the special instructions, definitions and charges requested by the defendant in writing prior to the submission of the case to the jury."

■ The two above paragraphs are too general in their nature to be considered by the Court of Civil Appeals under the above rules. See also Bauguss v. Bauguss, Tex.Civ.App., 186 S.W.2d 384, writ ref., W. M.; Lobstein v. Watson, Tex.Civ.App., 186 S.W.2d 999; Ligon v. Green, Tex.Civ. App., 206 S.W.2d 629; Insurors Indemnity & Ins. Co. v. Associated Indemnity Corp., 139 Tex. 286, 162 S.W.2d 666.

However, in connection with point No. 5 the trial court gave the following instruction in connection with the submission of an issue on exemplary damages: "You are instructed that by the term 'exemplary

damages' is meant such sum of money, if any, as in your judgment should be awarded solely as punishment for an act that was actuated by some evil intent, if any, or with such disregard of the rights of the plaintiff, if any, as would be deemed equivalent to 'such evil intent, if any, and must be reasonably proportioned to the actual damages if any sustained by him."

Appellant's contention seems to be that since appellee's action is not one for negligence that the trial court should have submitted a broader definition or explanatory instruction to the jury upon the subject of exemplary damages, to such an extent that it would cover a definition of "malice" as the term is defined in our criminal law.

As a general rule the law which governs tort in civil cases and/or the law which governs the trial of civil cases are controlling in the trial of a civil action for assault and battery. 4 Am.Jur., pp. 216–222. There are some exceptions to this general rule, such as the law of self defense which is the same in civil and criminal actions with the exception of the rule giving the defendant the benefit of a reasonable doubt. See Koons v. Rook, supra.

We find the instruction given by the court in connection with this issue is not subject to the objection raised by appellant in his point No. 5.

Appellant's points Nos. 4 and 5 are overruled for the reasons above set out.

Appellant's point No. 6 is relegated to his objection to the court's action in overruling his challenge of a venireman while appellant was qualifying jurors upon voir dire and thereby forced appellant to exercise a challenge against said juror. The challenged venireman was a person of Mexican descent, who lived in the neighborhood where many of the witnesses in the case lived and worked. He answered on his voir dire examination that he was acquainted with appellee and a number of appellee's witnesses and that he had heard something of the shooting which was the subject matter of the law suit. However, he stated that his acquaintance with the parties and his general knowledge of the shooting would not influence his verdict.

There is no testimony showing that the challenged venireman had talked with any one who purported to know material facts of the case. We overrule appellant's point No. 6.

Judgment of the trial court is affirmed.