ANN ALTEIRI ET AL. *v.* JOHN COLASSO

House, C. J., Loiselle, MacDonald, Bogdanski and Longo, Js.

Argued January 9—decision released April 15, 1975

*Edward F. Halloran, Jr.,* with whom, on the brief, was *Isadore M. Mackler,* for the appellant (defendant).

*Monroe Silverman,* with whom, on the brief, was *John J. Graubard,* for the appellees (plaintiffs).

LOISELLE, J. This action is one for battery brought by a minor, the plaintiff Richard Alteiri, to recover for injuries he suffered, and by his mother, the named plaintiff, to recover for expenses incurred. The complaint alleges that while the minor plaintiff was playing in the backyard of a home at which he was visiting, the defendant threw a rock, stone or other missile into the yard and struck the minor plaintiff in the eye and "[a]s a result of said battery by the defendant, the plaintiff Richard Alteiri suffered severe, painful and permanent injuries."

The date of the alleged battery was April 2, 1966. The writ, summons and complaint were dated March 18, 1969, and filed on March 20, 1969. The defendant answered the allegations of the complaint by leaving the plaintiffs to their proof except for admitting the minority of the plaintiff Richard Alteiri. On the first day of trial the defendant, over the objection of the plaintiffs, was allowed to plead as a special defense that the action "was not brought within one year from the act of neglect complained of and is therefore barred by the statute of limitations." At the close of evidence and prior to the commencement of argument, the court brought to the attention of counsel the fact that no evidence had been offered with respect to the special defense of the Statute of Limitations. Counsel for the defendant moved to "reopen" in order to offer proof of the special defense by way of judicial notice of the

pleadings or by offer of evidence. The court denied the defendant's motion and later charged the jury to disregard the special defense of the statute of limitations.

Six interrogatories were submitted to the jury. Two interrogatories were answered in the affirmative as follows: "On April 2, 1966, did the defendant, John Colasso, throw a stone which struck the plaintiff, Richard Alteiri, in the right eye?" Answer: "Yes." "[W]as that stone thrown by John Colasso with the intent to scare any person other than Richard Alteiri?" Answer: "Yes." The jury answered "No" to four other questions concerning whether the defendant had intended to strike either the minor plaintiff or any other person and whether he had thrown the stone either negligently or wantonly and recklessly. A plaintiffs' verdict was returned. The defendant has appealed from the judgment rendered.

The defendant assigns error in the court's refusal to charge on the applicability of the one-year Statute of Limitations to a personal injury action arising out of negligence or reckless or wanton misconduct, in its charging the defense of this statute of limitations out of the case, and in its overruling the defendant's motion to open to offer proof relative to this special defense. Whether the court was in error as claimed by the defendant need not be determined. The jury specifically found, as evidenced by their answers to the interrogatories,[1] that the conduct of the defendant was neither neg-

---

[1] The primary purpose of an interrogatory is to elicit a determination of material facts and to furnish a means of testing the correctness of the verdict rendered. *Willametz* v. *Guida-Seibert Dairy Co.*, 157 Conn. 295, 301-2, 254 A.2d 473.

ligent nor reckless and wanton but intentional.
Consequently, the Statute of Limitations relied upon
by the defendant, then General Statutes § 52-584,[2]
by its terms does not apply to this action; rather
General Statutes § 52-577, which requires actions
founded upon a tort to be brought within three
years from the date of the act or omission com-
plained of, would govern. The defendant could not
have been harmed by the actions of the court in deny-
ing the motion to open or in removing the defense
of the one-year Statute of Limitations from the con-
sideration of the jury. Accordingly, whether the
court committed error in this respect need not be
determined.

Error is assigned in the court's denial of the
defendant's motions to set aside the verdict and for
judgment notwithstanding the verdict. The defend-
ant claims that the jury could not have reasonably
and logically rendered a verdict under our law when
in their answers to the interrogatories they
expressly found that the defendant did not throw
the stone with intent to strike either the minor plain-
tiff or any other person and did not throw the stone

---

[2] "[General Statutes] Sec. 52-584. LIMITATION OF ACTION FOR
INJURY TO PERSON OR PROPERTY. No action to recover damages for
injury to the person, or to real or personal property, caused by neg-
ligence, or by reckless or wanton misconduct, or by malpractice of
a physician, surgeon, dentist, chiropodist, chiropractor, hospital or
sanatorium, shall be brought but within one year from the date
when the injury is first sustained or discovered or in the exercise
of reasonable care should have been discovered, and except that
no such action may be brought more than three years from the
date of the act or omission complained of except that a counter-
claim may be interposed in any such action any time before the
pleadings in such action are finally closed." This section has been
amended by Public Acts 1969, No. 401, § 2, which increased the time
within which to bring action from "one year" to "two years."

either negligently or wantonly and recklessly. In this state an actionable assault and battery may be one committed wilfully or voluntarily, and therefore intentionally; one done under circumstances showing a reckless disregard of consequences; or one committed negligently. *Russo* v. *Porga,* 141 Conn. 706, 708–9, 109 A.2d 585; *Lentine* v. *McAvoy,* 105 Conn. 528, 531, 136 A. 76. By their answers to the interrogatories it is clear that the jury found that the battery to the minor plaintiff was one committed wilfully. The issue to be determined on this appeal is whether a jury upon finding that the defendant threw the stone with the intent to scare someone other than the one who was struck by the stone can legally and logically return a verdict for the plaintiffs for a wilful battery.

In *Rogers* v. *Doody,* 119 Conn. 532, 534, 178 A. 51, in discussing the distinction between reckless disregard and wilfulness the court stated that a "wilful and malicious injury is one inflicted intentionally without just cause or excuse. It does not necessarily involve the ill will or malevolence shown in express malice. Nor is it sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional." The defendant claims, in reliance upon this principle, that as there was no intention either to injure the minor plaintiff or to put him in apprehension of bodily harm there could be no recovery for a wilful battery. The intention of the defendant was not only to throw the stone—the act resulting in the injury was intentional—but his intention was also to cause a resulting injury, that is, an apprehension of bodily harm. If the stone

had struck the one whom the defendant had intended to frighten, the defendant would have been liable for a battery. The statement in *Rogers* that the "resulting injury must be intentional" would be satisfied as the injury intended was the apprehension of bodily harm and the resulting bodily harm was the direct and natural consequence of the intended act. Restatement (Second), 1 Torts § 13;[3] *Weisbart* v. *Florh*, 260 Cal. App. 2d 281, 290, 67 Cal. Rptr. 114.

It is not essential that the precise injury which was done be the one intended. 1 Cooley, Torts (4th Ed.). § 98. An act designed to cause bodily injury to a particular person is actionable as a battery not only by the person intended by the actor to be injured but also by another who is in fact so injured.[4] Restatement (Second), 1 Torts § 13; *Singer* v. *Marx*, 144 Cal. App. 2d 637, 301 P.2d 440; *Smith* v. *Moran*, 43 Ill. App. 2d 373, 193 N.E.2d 466; *McGee* v. *Vanover*, 148 Ky. 737, 147 S.W. 742; *Talmage* v. *Smith*, 101 Mich. 370, 59 N.W. 656; *Carnes* v. *Thompson*, 48 S.W.2d 903 (Mo.); *Morrow* v. *Flores*, 225 S.W.2d 621 (Tex. Civ. App.); *Bannister* v. *Mitchell*, 127 Va. 578, 104 S.E. 800; Prosser, Torts (4th Ed.) § 8; 1 Harper & James, Torts § 3.3,

---

[3] "[Restatement (Second), 1 Torts § 13] BATTERY: HARMFUL CONTACT An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results."

[4] The principle of transferred intent applies to both civil and criminal cases. See *State* v. *Hoyeson*, 154 Conn. 302, 224 A.2d 735; *State* v. *Costa*, 95 Conn. 140, 110 A. 875 (mistaken identity of victims); see also General Statutes §§ 53a-59; 53a-60; 53a-61; and Prosser, "Transferred Intent," 45 Tex. L. Rev. 650, for a discussion of the roots and the limits of this doctrine.

p. 218. This principle of "transferred intent" applies as well to the action of assault. See *Davis* v. *McKey,* 167 So. 2d 416 (La. App.); *Jeppsen* v. *Jensen,* 47 Utah 536, 155 P. 429; Prosser, supra; 6 Am. Jur. 2d, Assault and Battery, § 115. And where one intends merely an assault, if bodily injury results to one other than the person whom the actor intended to put in apprehension of bodily harm, it is battery actionable by the injured person. Restatement (Second), 1 Torts § 16;[5] *Brown* v. *Martinez,* 68 N.M. 271, 361 P.2d 152; *Daingerfield* v. *Thompson,* 74 Va. (33 Gratt.) 136; Prosser, supra.

The defendant claims that comment b to subsection 2 of § 16 of the Restatement (Second) indicates that subsection 2 applies only to negligent acts where a person not intended to be injured is injured. The comment states in pertinent part that "[i]t is not necessary that the actor know or have reason even to suspect that the other is in the vicinity of the third person whom the actor intends to affect and, therefore, that he should recognize that his act, though directed against a third person, involves a risk of causing bodily harm to the other so that the act would be negligent toward him." It is clear that the gist of this comment is that the actor need not know or suspect the presence of the third party, that is, need not be negligent.

[5] "[Restatement (Second), 1 Torts § 16] CHARACTER OF INTENT NECESSARY (1) If an act is done with the intention of inflicting upon another an offensive but not a harmful bodily contact, or of putting another in apprehension of either a harmful or offensive bodily contact, and such act causes a bodily contact to the other, the actor is liable to the other for a battery although the act was not done with the intention of bringing about the resulting bodily harm. (2) If an act is done with the intention of affecting a third person in the manner stated in Subsection (1), but causes a harmful bodily contact to another, the actor is liable to such other as fully as though he intended so to affect him."

It follows that the jury could logically and legally return a plaintiffs' verdict for wilful battery, and that the court in accepting that verdict and denying the defendant's motions was not in error.

There is no error.

In this opinion the other judges concurred.