[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#125)
On May 4, 1993, the plaintiffs, Jose and Teresa Vieira, commenced this action against the defendants, Mattias and Ralph Ingersoll. In an eight count revised complaint, filed on March 17, 1993, the plaintiffs allege that they were both assaulted by the defendants in an incident on May 20, 1991. The first five counts of the complaint allege that Mattias Ingersoll intentionally and CT Page 12714 recklessly assaulted Jose Vieira while Ralph Ingersoll contemporaneously intentionally and recklessly assaulted Teresa Vieira. The sixth and seventh counts allege that Teresa Vieira suffered emotional distress as a result of witnessing Mattias Ingersoll's intentional and reckless assault upon Jose Vieira.
The defendants filed an answer and special defenses to the complaint. The Second Special Defense to Counts I, III, VI, and VII and the Third Special Defense to Counts IV, V, VI, and VII allege that the plaintiffs should have known that they placed themselves in danger because they assumed the risk by initiating and/or provoking the confrontation.
The plaintiffs filed a motion to strike these special defenses with a supporting memorandum of law. The defendants timely filed a memorandum in opposition.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book Sec. 151; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action."Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442 (Super Ct. 1983). "The motion to strike, like the demurrer, admits all facts well pleaded." Ferryman v. Groton, supra, 142. A motion to strike "does not admit legal conclusions or the truth or accuracy of opinion stated in the pleadings." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985).
The plaintiffs argue that the defendants' special defenses alleging assumption of the risk are legally insufficient because a defense of assumption of the risk is not proper to counts which state claims based on theories of intentional and reckless misconduct. The defendants argue that, while there is a split of authority among Connecticut Superior Courts, the defense of assumption of the risk is legally sufficient to claims based on intentional and reckless misconduct.
In Connecticut, "an actionable assault and battery may be one committed wilfully or voluntarily, and therefore intentionally; one done under circumstances showing a reckless disregard of consequences; or one committed negligently." Alteiri v. Colasso,168 Conn. 329, 333, 362 A.2d 798 (1975). Two counts of the complaint are based on the intentional conduct of the defendants, and two counts are based on the reckless conduct of the defendants. CT Page 12715 Additionally, the plaintiff has filed two counts based on bystander emotional distress, one of which alleges intentional conduct on the part of the defendants, and the other which alleges reckless conduct. In response to these allegations, the defendants filed two special defenses, inter alia, one for each defendant, alleging that the plaintiffs assumed the risk by initiating and/or provoking the confrontation.
There is a split of authority among the Connecticut Superior Courts over whether assumption of risk is a defense to actions based on reckless or intentional conduct. One line of cases holds that a defense of assumption of risk does not apply to actions based on claims of wilful, wanton or reckless misconduct. Cheneskiv. Barber, Superior Court, JD of Danbury, DN 307083 (February 7, 1992) (Fuller, J.); see also, Zawadski v.Robbins, 7 CONN. L. RPTR. 92 (1992) (Wagner, J.). Another line of cases holds that a defense of assumption of risk applies to actions based on reckless conduct; Sego v. Debco, Inc., 12 Conn. L. Rptr., No. 13, 415, 416 (October 24, 1994) (Skolnick, J.); and also to the common law action of wanton, wilful and reckless misconduct.Hoekman v. Kukai Caliente, Inc., 4 CSCR 412 (1989) (Schaller, J.) citing Weeman v. Church, Superior Court, JD of New London, DN 084742 (October 6, 1987) (Shimelman, J.). None of these cases, however, involved actions for assault and battery.
The Connecticut courts have not addressed whether assumption of risk applies as a defense to assault and battery. There is little authority for the proposition that this doctrine applies to actions based on assault and battery. See, 6A C.J.S "Assault and Battery" Sec. 14. The defendants cite no cases in Connecticut or any other jurisdiction where this doctrine has been applied to a factual situation similar to the one alleged in the complaint. Similarly, as the court noted in Cheneski v. Barber, supra,
 [i]t is doubtful whether assumption of the risk applies as a defense to a claim or wilful, wanton or reckless misconduct under Connecticut law, and the majority rule in other states is that assumption of the risk is not a valid defense to such actions. 64A CJS 300, Negligence 174(4); 57A Am.Jur.2d 734, Negligence 833.
Cheneski v. Barber, supra. The court is not convinced that under Connecticut law the doctrine of assumption of risk, which operates as a complete bar to recovery, applies to claims based on CT Page 12716 intentional and reckless assault.
The court notes that the facts constituting assumption of risk may be proven under a general denial of the essential allegation that the plaintiffs' injuries were caused by the defendants' misconduct. See Zawadski v. Robbins, supra.
For these reasons, the plaintiffs' motion to strike the defendants' Second Special Defense to Counts I, III, VI, and VII and Third Special Defense to Counts IV, V, VI, and VII is granted.