[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (#106, MOTION TO STRIKE)
Defendant moves to strike the Revised Complaint, dated October 12, 1994, claiming it fails to state a legally cognizable cause of action because the Workers' Compensation Act (act) provides the exclusive remedy for the work place injuries alleged.
Plaintiff's Revised Complaint, attempts to state facts to allege plaintiff's injury was "substantially certain" to follow from his employer's conduct so as to satisfy the narrow exception to the exclusivity provisions of the act as set forth in Suarez v. Dickmont Plastics Corp. , 229 Conn. 99
(1994).
The instant Revised Complaint alleges, in part, that:
 "8. Defendant knew, or should have known, that it was substantially certain that said accident and Plaintiff's injuries would occur because:
 a. Plaintiff, and other employees, frequently used said ladder to gain access to said second-story loft.
 b. On or about February, 1994, said ladder slipped while Paul Garrett, Plaintiff's supervisor, was descending from said second-story loft. CT Page 1403
 c. Prior to the accident, Plaintiff and other employees of Defendant commented to Mr. Garrett that someone would get hurt utilizing the ladder as an access to the second-story loft.
 d. Said temporary ladder, used as an access to said second-story loft, presented an obvious danger to Plaintiff, as well as other employees that utilized said ladder.
 9. Said accident and Plaintiff's injuries were caused by Defendant's recklessness and intentional misconduct in that, although Defendant knew, or should have known, that it was substantially certain that said accident and Plaintiff's injuries would occur, Defendant nevertheless:
 a) failed to correct the obvious danger posed by the unsafe access to said loft;
 b) failed to design and install a safe access to said loft, although the cost of installing a permanent, safe fixture for access to said loft compared to the obvious risk of using the above-described temporary ladder, was nominal when compared to the risk presented."
Plaintiff's Revised Complaint dated October 12, 1994.
 "The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.' The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted.) "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted.) CT Page 1404
Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-215 (1992).
In Suarez v. Dickmont Plastics Corp. , supra, 229 Conn. 99
the Supreme Court noted in discussing the exception to the act:
 "In defining the operative terms, we stated in Mingachos v. CBS, Inc., supra, 196 Conn. 101, that "intent refers to the consequences of an act . . . [and] denote[s] that the actor desires to cause [the] consequences of his act, or that he believes that the consequences are substantially certain to follow from it. (Citation omitted; internal quotation marks omitted.) "A result is intended if the act is done for the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue." F. Harper F. James, Torts (1956) § 3.3, p. 216. An intended or wilful injury "does not necessarily involve the ill will or malevolence shown in express malice," but it is insufficient "to constitute such an [intended] injury that the act . . . was the voluntary action of the person involved." Mingachos v. CBS, Inc., supra, 102. Both the action producing the injury and the resulting injury must be intentional. Rogers v. Doody, 119 Conn. 532, 534, 178 A. 51 (1935). "[Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. Sharkey v. Skilton, 83 Conn. 503, 507-508, 77 A. 950 (1910). The intentional injury aspect may be satisfied if the resultant bodily harm was the direct and natural consequence of the intended act. Alteiri v. Colasso, 168 Conn. 329, 334, 362 A.2d 798 (1975). Markey v. Santangelo, 195 Conn. 76, 77-78, 485 A.2d 1305 (1985)." (Internal quotation marks omitted.) Mingachos v. CBS, Inc., supra, 102. The known danger involved must go from being "a foreseeable risk which a reasonable man would avoid and become a substantial certainty." W. Prosser, Torts (4th Ed. 1971) § 8, p. 32. CT Page 1405
 The substantial certainty test differs from the true intentional tort test but still preserves the statutory scheme and the overall purposes of the act. The problem with the intentional tort test, i.e., whether the employer intended the specific injury, "appears to be that it allows employers to injure and even kill employees and suffer only workers' compensation damages so long as the employer did not specifically intend to hurt the worker." Beauchamp v. Dow Chemical Co., 427 Mich. 1, 25, 398 N.W.2d 882 (1986). Prohibiting a civil action in such a case "would allow a corporation to `cost-out' an investment decision to kill workers. Blankenship v. Cincinnati Milacron Chemicals, Inc., 69 Ohio St.2d 608, 617, 433 N.E.2d 572 (1982) (Celebrezze, J., concurring). The "substantial certainty" test provides for the "intent to injure" exception to be strictly construed and still allows for a plaintiff to maintain "a cause of action against an employer where the evidence is sufficient to support an inference that the employer deliberately instructed an employee to injure himself." Gulden v. Crown Zellerbach Corp. , 890 F.2d 195, 197 (9th Cir. 1989). . . .
 Intent is clearly a question of fact that is ordinarily inferred from one's conduct or acts under the circumstances of the particular case. Waterbury Petroleum Products, Inc. v. Canaan Oil Fuel Co., 193 Conn. 208, 216-17, 477 A.2d 988
(1984). Thus, whether the actor knows that the consequences of his or her conduct are certain or substantially certain to result from his or her act and still proceeds with the conduct, so that he or she should be treated by the law as though he or she in fact desired to produce the result, is a question of fact for the jury. This case undoubtedly raises an issue of material fact regarding the defendant's conduct toward the plaintiff and the defendant's knowledge that the plaintiff's injury was substantially certain to occur."
Id., pp. 108-111. CT Page 1406
Keeping in mind that the only issue before this court is whether to grant the Motion to Strike, it is found that the instant complaint states a legally cognizable cause of action.
Accordingly, the Motion to Strike is denied.
Schimelman, J.