[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Peter Baptiste alleges that he was assaulted and beaten by the defendant Fred Angelino, a security guard for the defendant K Mart Corporation, in a K Mart store on the evening of January 13, 1990. He contends that the assault was wilful, wanton and malicious and that he suffered injuries to his back and neck, some of which are claimed to be permanent, as a result.
Some of the facts are not in dispute. On the evening of CT Page 4213-PP January 13, 1990, the plaintiff accompanied his adult daughter on a shopping trip to a K Mart store on Wolcott Street in Waterbury. As they entered the store, the floor supervisor, Scott Cheezic, recognized them as people who had repeatedly returned items allegedly purchased at K Mart for cash without having a cash register receipt. Cheezic advised Angelino of the presence of the suspected shoplifters and Angelino went to an observation window where he observed the plaintiff's daughter, Chivonna Shepard, place a pair of child's shoes and other items under her coat. The plaintiff was not with his daughter when she picked up the merchandise. He was at the end of the aisle, looking in various directions. Angelino concluded that the plaintiff was serving as a "lookout" for his daughter while she shoplifted. The plaintiff and his daughter then walked toward the exit doors, where Angelino confronted them.
The testimony of the parties and witnesses was widely divergent as to what transpired next. The court found the testimony of Cheezic, the floor supervisor, to be generally the most credible. The court finds that Angelino identified himself to the plaintiff and Shepard as "store security". The plaintiff then attempted to walk away and appear uninvolved, although Shepard turned around and went back toward the main portion of the store. She then ran around a counter and pulled the merchandise out from under her coat and discarded it on the floor. Angelino remained close to the plaintiff, who resisted Angelino's efforts to apprehend him. Angelino grabbed the plaintiff's arm. The plaintiff again tried to pull away toward the exit. Angelino tightened his hold on the plaintiff's arm and brought out handcuffs in an attempt to restrain the plaintiff from leaving the store. The two men struggled and then lost their balance and fell onto a cardboard display of pantyhose. The display fell to the floor and the two men fell also. (All parties and witnesses agree that both men and the display landed on the ground). Angelino landed on top of the plaintiff. At this point Shepard jumped onto Angelino's back, punching and hitting him. The incident ended when all three individuals got up off the floor. Angelino did not at any time punch, strike or hit the plaintiff.
The plaintiff claims that Angelino pushed him over the display and punched him in the face repeatedly with the result that the plaintiff went in and out of consciousness. The plaintiff's medical reports and records reveal that he never told any medical personnel that he lost consciousness. Nor did CT Page 4213-QQ he report that he was punched. He told his chiropractor that he was injured in a fall. The plaintiff was not a credible witness.
Three different types of assault are recognized under Connecticut law. The first type is a wilful or intentional assault; the second is an assault done with a reckless disregard for the consequences; and the third is one committed negligently.Alteiri v. Colasso, 168 Conn. 329, 333 (1975). By alleging that his assault was wilful and malicious, the plaintiff must show that it was an intentional assault without just cause or excuse. Id. To constitute a wilful injury there must be a design, purpose and intent to do wrong and inflict injury.Rogers v. Doody, 119 Conn. 532, 535 (1935). The injury must be intentional. Id. 435; Alteiri v. Colasso, supra, 168 Conn. 333.
The plaintiff failed to sustain his burden of proving that Angelino intentionally assaulted the plaintiff without cause, intending to cause the injury which resulted. The facts are that Angelino believed that he had witnessed a shoplifting. (In her testimony at trial, Shepard admitted this shoplifting and also that she has a criminal history of shoplifting.) Angelino believed that the plaintiff was an accomplice to the shoplifting. He therefore had just cause to stop and detain the plaintiff. He held the plaintiff by the arm not in an attempt to injure him, but to detain the plaintiff, who tried to pull away. Angelino did not intend to assault the plaintiff nor did he intend to inflict any injury on the plaintiff.
The plaintiff failed to sustain his burden of proving an intentional assault as he alleged. Judgment is entered for the defendants.
VERTEFEUILLE, J.