[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This action arises out an alleged motor vehicle accident between the plaintiff, Bennett Clarke (Clarke), and the defendant, Flor Diaz, (Diaz). The defendant filed this motion to strike all five counts of plaintiff's amended complaint Clark did not file a memorandum in opposition, but did present argument before this court. CT Page 8745-a
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted . . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, ___ A.2d ___ (1998).
COUNT ONE
The defendant moves to strike count one of the complaint on the grounds that this count sounds in negligence and is therefore barred by the two year statute of limitations in General Statutes § 52-584.[1] Clarke alleges that the accident occurred on December 5, 1995. This action was commenced by service of process on January 10, 1998.
A claim that an action is barred by the statute of limitations may be raised by a motion to strike, rather than pleaded as a special defense, in two limited situations. Forbesv. Ballaro 31 Conn. App. 235, 239, 624 A.2d 389 (1993). "The first is when [t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer. . . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." (Citation omitted; internal quotation marks omitted.) Id., 239-40.
The present case involves the first situation. Clarke sets forth the facts pertinent to the question of whether the action is barred or whether the statute of limitations has been tolled. At oral argument Clarke conceded that his position that his claim is timely is based on a alleged pattern of conduct engaged in by Diaz which prevented him from pursuing his legal remedies. The court, therefore, finds the statute of limitations appropriately raised on a motion to strike in this case. CT Page 8746
Count one of Clarke's amended complaint consists of fifty paragraphs. In count one, ¶ 9 and ¶ 10, Clarke alleges that Diaz was negligent and careless in various ways in relation to the operation of a motor vehicle, and that he was injured as a result of said negligence. Clarke alleges that the motor vehicle collision which caused his injuries occurred on December 5, 1995. Pursuant to General Statutes § 52-584, the statute of limitations, unless tolled, ran on December 5, 1997.
Clarke further alleges in count one, various acts by various persons other than defendant Diaz, including being battered by employees of his health care provider for the benefit of the defendant (¶ 24). In ¶ 50, Clarke alleges: "Defendant through her agents by carrying out a course of action intended to obstruct, hinder, delay and impede plaintiff from pursuing his legal remedies in negligence has thereby acted to toll the running of the statute of limitations until such intentional acts of the defendant and her agents cease." Clarke is alleging a continuing course of conduct by defendant Diaz, and carried out through her agents, as a toll.
This court finds that the continuing course of conduct doctrine does not apply to this case. "Cases applying the continuing course of conduct doctrine have all involved the conduct of the defendant prior to the discovery of injury. . . . Further, while the principle has been stated that a statute of limitations may be tolled because a duty continued to exist after the cessation of the act or omission relied upon [if] there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to a prior act . . . the principle has only been applied to toll a statute of limitations where conduct occurred prior to the discovery of the injury." (Citations omitted; internal quotation marks omitted.) Rivera v.Fairbank Management Properties, Inc., 45 Conn. Sup. 154, 158-59,703 A.2d 808 (1997). In the present case, Clarke sustained/discovered his alleged injuries on December 5, 1995. The "continuing conduct" that Clarke complains of occurred after the discovery of the alleged injuries. Because the facts Clarke alleges do not suffice to toll the two year statute of limitations, the negligence claim is time barred. Therefore, the defendant's motion to strike count one is granted.
COUNT TWO
CT Page 8747
Diaz moves to strike count two of the amended complaint on the grounds that she cannot ascertain which allegations are aimed at her or the alleged members of her "organization." Additionally, Diaz contends that this count fails to state a cause of action against the defendant, is irrelevant to the motor vehicle action, and improperly combines two separate causes of action.
Clarke alleges that Diaz acted intentionally in striking his car, "based upon the facts set forth in the first count." Clarke further alleges that "persons acting on behalf of the defendant" threatened him and "subsequently caus[ed] employees of the medical care provider to inflict painful and disturbing conditions upon plaintiff during treatment."
Read in the light most favorable to the plaintiff, Clarke is alleging that Diaz and her agents intentionally battered him. "An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other . . . or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." Altieri v. Colasso,168 Conn. 329, 336 n. 3, 362 A.2d 798 (1975).
Clarke has alleged that Diaz and her agents acted intentionally, but has not alleged that harmful contact occurred. Clarke alleges in ¶ 1 that "painful and disturbing conditions" were inflicted upon him during treatment. He does not allege in count two how these conditions were inflicted, i.e., he does not allege the "harmful contact." Paragraph 1 begins with the phrase, "based upon the facts set forth in the first count." In the first count, however, Clarke does allege that he experienced a stinging sensation while at the Coren Chiropractic Center after "Janet" a new therapist and "sorcerer" in the "covert organization" left the treatment area. He alleges that he was the victim of "sorcery." These allegations of "sorcery" do not constitute the requisite "harmful contact." Clarke, therefore, has failed to allege facts which are legally sufficient to sustain a cause of action for battery. The defendant's motion to strike the second count is granted.
COUNT THREE
Diaz moves to strike count three of the amended complaint on the grounds that it merely reiterates what is alleged in the CT Page 8748 second count and that it fails to state a cause of action.
Clarke references the acts set forth in the first and second counts and states that the defendant caused injuries which necessitated medical treatment, and then alleges that the defendant, through her agents, acted negligently and carelessly and thereby forced him to terminate his medical treatment, which then caused additional injuries. Clarke appears to be asserting a cause of action for negligent battery. "[Aln actionable assault and battery may be one committed willfully or voluntarily, and therefore intentionally, or one done under circumstances showing a reckless disregard of consequences; it may also be one committed negligently." Krause v. Bridgeport Hospital,169 Conn. 1, 8, 362 A.2d A.2d 802 (1975).
This court has already determined that Clarke failed to allege facts sufficient to support a cause of action for battery. Again, there is no allegation of "harmful contact." The defendant's motion to strike count three of the amended complaint is granted.
COUNT FOUR
The defendant moves to strike the fourth count of the amended complaint on the grounds that it is insufficient in that it reiterates the third count and includes allegations against a "male caucasian identifying himself as defendant's father" but the count is directed against the defendant herself.
Clarke repeats some of the allegations from previous counts and adds that Diaz "pursu[ed] a course of action intended to . . . invade plaintiff's privacy." Other than this reference to privacy, this count does not allege anything new and is insufficient to state a cause of action. A motion to strike does not admit legal conclusions stated in the complaint. Forbes v.Ballaro, supra, 31 Conn. App. 239. The addition of the phrase, "intended to invade plaintiff's privacy," does not suffice to state a cause of action. Invasion of privacy is not a single tort, but rather is made up of four distinct types of invasions.Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107,127, 448 A.2d 1317 (1982). Clarke does not allege facts sufficient to state a cause of action here. The defendant's motion to strike count four is granted.
COUNT FIVE
CT Page 8749
Count five sounds in intentional infliction of emotional distress. The defendant moves to strike count five on the grounds that it does not allege sufficient facts to support a cause of action for emotional distress. Specifically, the defendant argues that Clarke's allegations that he became apprehensive about pursuing medical treatment as well as the possibility of future batteries, is insufficient to constitute emotional distress.
"The tort of intentional infliction of emotional distress requires proof of four elements: (1) that the actor intended to inflict emotional distress; or that he or she knew or should have known that emotional distress was a likely result of his or her conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." Preston v. Phelps Dodge Corpper ProductsCo., 35 Conn. App. 850, 863, 647 A.2d 364 (1994), citing Peytonv. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986).
The emotional distress alleged by Clarke is insufficient to satisfy the fourth element cited above. Clarke alleges that as a result of the conduct of the defendant and/or her agents, he "became apprehensive about pursuing medical treatment as well as apprehensive concerning future possible batteries by persons acting on behalf of defendant." Proof under these allegations could not reach the required level of distress which "no reasonable man could be expected to endure 1 Restatement (Second), Torts § 46 comment (j), (1965); see also Mellaly v.Eastman Kodak Co., 42 Conn. Sup. 17, 21, 597 A.2d 846 (1991). The defendant's motion to strike count five is granted.
So Ordered.
D'ANDREA, J.