[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff brings this action in seven counts. Various counts are directed against Carlos Supermarket, L.L.C. (Supermarket), Salmon 1., L.L.C., and Luis Cruz who was never served and never appeared except as a witness. No counts seem to be specifically against Carlos Salmon or Vivienne Salmon. The appearing defendants moved for a directed verdict for Salmon 1., L.L.C., Vivienne Salmon and Carlos Salmon which the court granted as to all but Carlos Salmon.
 FACTS
All counts apply to Cruz and Supermarket.
Plaintiff, Brigitte Jackson entered Carlos Supermarket at 198 Farmington Avenue, on June 13, 2000, to do some grocery shopping. She purchased approximately $22.00 worth of merchandise. Before leaving the store she realized that she had forgotten to purchase black pepper. She retrieved the black pepper, but did not pay for it. The doors to the Supermarket were then locked, and plaintiff could not leave the store. She was then escorted to the back room of the store by employee, Cary Gordon. Upon entry into the back room, Brigitte Jackson was confronted by another Supermarket employee, Luis Cruz. Plaintiff then offered to pay for the pepper. Cruz refused this offer and threatened to call the police.
Cary Gordon stood between her and the door that she came through. Cruz had the phone in his hand and told plaintiff that she would do as he said or face arrest. This frightened her and it being the weekend, she expected to be kept in jail until Monday.
Cruz then told her to begin playing with her breasts in order to avoid arrest. she refused and began to cry. Cruz, then again threatened to call the police unless she did as he said. Cruz then told Ms. Jackson to play CT Page 2141 with her breasts. The plaintiff was confused, and felt threatened and felt compelled to do as she was told. She began to touch the breasts through her shirt. Cruz then stated that was not what he wanted, instead he wanted to see her breasts. Plaintiff then pulled up her shirt, and continued to touch her breasts based on Cruz's instructions although she continued to plead with Cruz to stop this, that Carlos' employee, Cary Gordon observed this entire incident.
Cruz then told Ms. Jackson to take her breasts out of her bra and kiss her nipples. She felt compelled to continue these actions or face arrest. She felt restrained from leaving voluntarily. After approximately ten minutes, she said, "this is enough." Cruz seemed satisfied.
She felt terrified and that she was being "held hostage"
When the back room incident was over, she was escorted out the back door and Mr. Cruz stated that she could come back because he liked the way she "bounced". She found this insulting.
She told the police officers about the shoplifting, that precipitated the events, even thinking that she was admitting to a crime.
She was humiliated, emotionally distressed, demeaned and suffered a loss of personal dignity. She still suffers from disturbing thoughts about this ordeal whenever she passes the store, imagining that all of the employees know about this ordeal.
Carlos Salmon is one of two members of Carlos supermarket, L.L.C., and he is often involved in the everyday business of the market. At the time of this incident he was a salaried employee of Carlos Supermarket, L.L.C. He personally, trained the employees on the proper procedures for dealing with shoplifters. Cruz was fired because of this incident. No defendant did a background check on Cruz, other than speaking with the previous owner of the market.
Cruz was the Meat Department Manager/Meat Cutter at the time of this incident and was one of the few employees to have keys to the store and an alarm code, necessary to open or close the store. Cruz had authority, from Salmon, to stop shoplifters. There were no written shoplifter procedures in place.
Cruz himself testified that he threatened to call the police on Ms. Jackson after the shoplifting incident. He also admitted that he mentioned that she should strip, but said that this was in jest.
He filed an affidavit in which he admitted that the incident occurred. CT Page 2142
 LAW LIABILITY OF MEMBERS OF A LIMITED LIABILITY COMPANY
The court cannot find sufficient evidence that Salmon had the "complete domination" of this L.L.C. Tomasso v. Amor Construction Paving, Inc.,187 Conn. 544, 553 (as to "the instrumentality rule"). Nor can the court find "such a unity of interest and ownership that the independence of the corporation had in effect ceased." Id. 554 (as to the "identity rule").
 FALSE IMPRISONMENT
The scene in the back room presented a situation of false imprisonment because she was unlawfully prevented from leaving by the two men and their physical positions. In addition, she was held for the display under threat of a call to the police if she refused. The plaintiff has proven that her physical liberty has been restrained by the defendant and that the restraint was against her will. Lo Socco v. Young, 20 Conn. App. 6,19.
 NEGLIGENT AND INTENTIONAL ASSAULT
"In this state an actionable assault and battery may be one committed wilfully or voluntarily, and therefore intentionally; one done under circumstances showing a reckless disregard of consequences; or one committed negligently." Alteiri v. Colasso, 168 Conn. 329, 333. In our situation we have an intentional assault.
Although Cruz had the right to detain a shoplifter, that right ends after the detainor has notified the police and the police arrive. C.G.S. § 53a-119 (a).
 INTENTIONAL NEGLIGENT CAUSING EMOTIONAL DISTRESS
In our situation Cruz clearly knew he was causing the plaintiff emotional distress and his conduct did in fact cause her such distress which was severe. His conduct was nasty, extreme and outrageous. Leabov. Leniski, 2 Conn. App. 715, 726; Appleton v. Board of Education,254 Conn. 205.
The only count that in any way seems to be possibly directed to Salmon Is the seventh but is designated "(as to defendants Carlos Supermarket and Luis Cruz)". But even if the court were to find that somehow this count were directed to Salmon, the court cannot find either negligent hiring or supervision as to him. CT Page 2143
 PUNITIVE DAMAGES
This incident was an intentional assault. Such a finding allows the court to award punitive damages limited to plaintiff's litigation expenses without taxable costs. Berry v. Loiseau, 223 Conn. 786, 827;Markey v. Santangelo, 195 Conn. 76, 80.
Judgment for plaintiff against Carlos Supermarket, L.L.C. and Luis Cruz for $15,000 compensatory damages and for $5,000 punitive damages.
 ___________________ Norris L. O'Neill, J.