[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The present case arises out of an alleged assault involving the plaintiff, Patrick Darcy, and the defendant, Nicholas Esposito, Jr. The complaint alleges that during the evening of November 14, 1996 at 7:3 00 p.m. the plaintiff was volunteering as a down marker official at a high school football game in North Haven. The plaintiff further alleges that the defendant approached the plaintiff and assaulted him. As a result of the assault, the plaintiff claims that he sustained the following injuries: head injuries including lacerations to the right ear, lacerations to the left side of his head, and contusions to his head. The plaintiff also claims that he was caused to suffer emotional and physical CT Page 7918 pain and anguish due to the attack. The plaintiff submitted into evidence medical bills that he alleges he incurred as a result of the attack.
The defendant filed a special defense alleging that he acted in self-defense.
The plaintiff introduced evidence in the form of exhibits and witness testimony. The defendant did not appear at trial, nor did his counsel present any witnesses or exhibits.
Based on the credible evidence presented at trial, the court finds the following facts have been proven. The plaintiff was officiating at a high school football game in North Haven, on November 14, 1996 as a down marker. During the course of the game, the defendant, without provocation, attacked and injured the plaintiff by striking him numerous times on the head. The plaintiff did not observe who was attacking him, and was unable to protect or defend himself. During the attack, the plaintiff fell to the ground, whereupon the defendant continued the assault. Emergency care was rendered to the plaintiff at the scene of the attack and at the Emergency Room of St. Raphael's Hospital. This care was necessitated by the conduct of the defendant. The bills for the medical care and treatment total $767.00. The plaintiff missed work the day after the attack.
"An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, indirectly results." (Internal quotation marks omitted). Alteiri v.Colasso, 168 Conn. 329, 334, 362 A.2d 798 (1975), citing Restatement (Second), 1 Torts section 13. "[A] actionable assault and battery may be one committed willfully or voluntarily, and therefore intentionally; one done under circumstances showing a reckless disregard of consequences; or one committed negligently." Markey v. Santangelo, 195 Conn. 76, 78,485 A.2d 1305 (1985).
In this case, the credible evidence presented at trial indicates that the defendant, Nicholas Esposito, intentionally struck the plaintiff, Patrick Darcy on the head. As a result of this assaultive behavior, the plaintiff suffered personal injuries and pain and suffering. The plaintiff has sustained his burden of proof. The court further finds that there is no credible evidence to support the allegation in the defendant's Special Defense. Accordingly, the defendant is liable to the plaintiff for the plaintiffs injuries.
It is axiomatic that when a plaintiff sustains his burden in establishing tort liability, he is entitled to fair just and reasonable CT Page 7919 damages. The court finds that the plaintiff is entitled to economic damages for the medical treatment[1] and non-economic damages for the pain and suffering related to the incident.[2] The court awards damages as follows:
Economic Damages: $767.00 Non-economic Damages: $9,000.00 Total damages: $9,767.00
 ___________________ Robinson-Thomas, J