[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO STRIKE
This is a personal injury action arising out of a workplace injury to the plaintiff, Raymond Pocevic. Suit was commenced against the defendant, Connecticut Distributors, Inc. (CDI), which employed the plaintiff at the time of his injury. Eudosio Vaquero, a coworker at CDI who allegedly operated the forklift from which the plaintiff fell, is also a named defendant. Through this motion the defendants request this court to strike paragraphs 5(a) — (c) of Count One (negligence); Count two (reckless and wanton misconduct); Count Three (intentional tort); Count Five (reckless supervision); Count seven (reckless and wanton misconduct); Count eight (intentional tort); and the punitive damage claim of the plaintiff's Third Amended Complaint.
Standard
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded." Napoletano v. CIGNAHealthcare of Connecticut, Inc., 238 Conn. 216, 232, 680 A.2d 127
(1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308
(1997). Facts alleged in the complaint must be construed in the manner most favorable to sustaining its legal sufficiency. Bohan v. Last,236 Conn. 670, 674, 674 A.2d 839 (1996); see also Mingachos v. CBS,Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357
(1996).
The court should view the facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them. Dennison v. Klotz,12 Conn. App. 570, 577, 532 A.2d 1311 (1987). In ruling on a motion to strike, the court must take as admitted all well-pled facts, and those necessarily implied thereby, and construe them in the manner most favorable to the pleader. Norwich v. Silverberg, 200 Conn. 367, 370, CT Page 1562511 A.2d 336 (1986).
Discussion
 I. Counts Three and Eight (Intentional Torts)
The defendants argue that the plaintiff has failed to meet the pleading requirements for intentional workplace injuries, as articulated in Suarezv. Dickman, 229 Conn. 99, 639 A.2d 507 (1994); accordingly, these counts should be stricken. In Suarez v. Dickman, the Supreme Court recognized that intentional workplace injuries could constitute a narrow exception to the Exclusivity Provisions of the Workers' Compensation Act. In this case, however, the parties agree that the plaintiff's injuries do not fall within the purview of the Act. Nonetheless, the plaintiff is required to plead sufficient facts to support a cause of action for intentional tort.
In its most common usage, "intent" involves "(1) . . . a state of mind (2) about consequences of an act (or omission) and not about the act itself, and (3) it extends not only to having in the mind a purpose (or desire) to bring about given consequences but also to having in mind a belief (or knowledge) that given consequences are substantially certain to result from the act." (Emphasis in original.) W. Prosser Keeton, Torts, (5th ed. 1984) p. 34. Also, the intentional state of mind must exist when the act occurs. Id. Thus, intentional conduct "extends not only to those consequences which are desired, but also to whose which the actor believes are substantially certain to follow from what the actor does." Id. p. 35.
Under the Restatement, "intent" is used "to denote that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it." 1 Restatement (Second), Torts 8A. Comment b to 8A of the Restatement provides in pertinent part: "All consequences which the actor desires to bring about are intended, as the word is used in this Restatement. Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result." Furthermore, "[i]t is not essential that the precise injury which was done be the one intended."Alteiri v. Colasso, 168 Conn. 329, 334, 362 A.2d 798 (1975). "Rather, it is an intent to bring about a result which will invade the interests of another in a way that the law forbids." W. Prosser W. Keeton,supra, p. 36. CT Page 1563
Paragraphs 4 and 5 of the Third and Eighth Counts of the Plaintiff's Revised and Third Amended Complaint set forth his claims for intentional tort:
Third Count
 4. On or about November 26, 1996, while working at CDI, the Plaintiff, Raymond Pocevic, was severely injured when he fell approximately 17 feet from a skid that was unsecured on the forks of a forklift as a result of the intentional acts or omissions of the Defendant, CDI, its agents, servants and/or employees.
 5. The defendant, CDI, its agents, servants and/or employees are liable to the plaintiff for the injuries and losses he sustained in that through its agents, servants and/or employees its acts or omissions:
 a. in that they created a substantial likelihood that persons working on the forklifts would be injured . . .
Eighth Count
 4. On or about November 26, 1996, the Defendant, Eudosio Vaquero, was operating a forklift as an employee, agent and/or servant of the Defendant, CDI, in the course of and in furtherance of his employment. The Plaintiff, Raymond Pocevic, was severely injured when he fell 17 feet from a skid that was unsecured on the forks of a forklift as a result of the intentional acts or omissions of the Defendant, Eudosio Vaquero.
 5. The Defendant, Eudosio Vaquero, is liable to the Plaintiff for the injuries and losses he sustained in that his intentional acts and omissions:
 a. in that he intentionally moved the forklift in an abrupt manner while the plaintiff was on same.
While the plaintiff alleges intentional acts or omissions on the part of the defendants, "the use of the word `intent' in allegation is not a talisman that can change the allegations into colorable claims of true intentional torts." Mingachos v. CBS, Inc., 196 Conn. 91, 101-02,487 A.2d 514 (1986), citing Keating v. Shell Chemical Co., 610 F.2d 328,332 (5th Cir. 1980). In his memorandum of law, the Plaintiff argues that he satisfies the requirements of pleading intent by alleging that the defendants knew there was a "substantial likelihood" of harm. The court is not persuaded. "A high risk or probability of harm is not equivalent CT Page 1564 to the substantial certainty without which an actor cannot be said to intend the harm in which his acts result." Mingachos v. CBS, supra, citing Shearer v. Homestake Mining Co., 557 F. Sup. 549, 559 (D.S.D. 1983).
The plaintiff's complaint fails to assert, or to provide facts to support, a claim that the defendants desired the consequences of their acts, or that the defendants knew that the consequences were substantially certain to occur. Because the complaint fails to state legally sufficient claims for intentional tort, the defendant's Motion to Strike Counts Three and Eight is granted.
 II. Counts Two, Five and Seven (Recklessness)
The Defendants move this court to strike Counts Two, Five and Seven for the reasons that the Plaintiff's allegations of negligence are, in essence, identical to the assertions put forth by the Plaintiff to support his claims of recklessness. Accordingly, the Plaintiff fails to state legally sufficient claims of recklessness. The Plaintiff counters that an action in recklessness may be based on the same facts as those which would support a claim of negligence. The Plaintiff has cited authority which supports his position; however, these cases emphasize that the facts must independently support a claim of recklessness. SeeAdams v. Champagne, Superior Court, Judicial District of Ansonia-Milford at Milford, Docket No. 061154 (May 7, 1998, Corradino, J.).
"In order to establish that the defendants' conduct was . . . reckless, . . . the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts . . . [Such conduct] is more than negligence, more than gross negligence . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action . . . [In sum such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 181,749 A.2d 1147 (2000).
"Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk CT Page 1565 substantially greater . . ., than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Bishop v. Kelly,206 Conn. 608, 614-15, 539 A.2d 108 (1988). "It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention . . ." (Internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711
(1988).
In Count Two, paragraphs 5(d) — (f) the plaintiff alleges that the defendant, CDI, its agents, servants and/or employees acted recklessly and with wanton misconduct:
 [i]n that they operated the forklift in an unsafe manner in that it was suddenly and abruptly moved while the plaintiff was raised overhead on the palette . . . they abruptly moved the forklift while the plaintiff was standing on the elevated fork skid [and] they failed to warn the plaintiff of their intent to move the forklift while the plaintiff was on same.
Count Five, paragraph five alleges that the defendant recklessly supervised its agents, servants and/or employees causing plaintiff's injuries:
 Said reckless supervision led to ignoring and/or overlooking proper safety precautions to ensure the safety of workers.
Count Seven of the plaintiff's Revised and Third Amended Complaint alleges that the defendant, Vaquero, acted recklessly and with wanton misconduct:
 [i]n that he failed to secure the forks of the forklift . . . failed to inspect the forks of the forklift . . . failed to use reasonable and proper safety measures while operating the forklift upon which the plaintiff was on . . . he moved the forklift in an unsafe manner while the plaintiff was on same . . . [and] he abruptly moved the forklift while the plaintiff was on same.
Viewed in the light most favorable to the plaintiff and applying the legal standards articulated above, the court finds that the plaintiff has alleged facts which support his claim of reckless and wanton misconduct. The court recognizes the inherent dangers associated with operating a forklift, particularly when the lift is elevated while an employee stands upon it. The action of moving the forklift "abruptly" in such a situation could constitute "highly unreasonable conduct involving an extreme CT Page 1566 departure from ordinary care." Accordingly, Counts Two, Five and Seven of the plaintiff's Revised and third Amended Complaint independently state a sufficient factual basis to support his claims of recklessness. The defendant's Motion to Strike these counts is denied.
 III. Count One, Paragraphs 5(a) — (c)
The defendant moves this court to strike Count One, paragraphs 5(a) — (c),[1] in which the plaintiff alleges that the defendant was negligent, because, inter alia, it violated certain regulations promulgated by the Occupational Safety and Health Administration (OSHA). The defendant agrees that OSHA regulations may be used as evidence of the standard of care against an employer. It is the defendant's position, however, that they are inappropriate for inclusion in a civil complaint in that they give rise to an independent cause of action in violation of Connecticut General Statute ¶ 31-369 (b). The plaintiff argues that OSHA regulations, taken together with other evidence, are sufficient to prove negligence, and are properly pleaded.
Viewed in the light most favorable to the nonmoving party, Count One, paragraphs 5(a) — (c) do not give rise to an independent cause of action in contravention of Connecticut General Statutes ¶ 31-369 (b). As alleged, these paragraphs contain allegations and assertions of fact which, if proven, would support the plaintiff's claim of negligence. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). For these reasons the defendant's motion to strike Count One, paragraphs 5(a) — (c) is denied.
Conclusion
The defendant's Motion to Strike Counts Three and Eight is granted; the defendant's motion to strike Counts Two, Five, Seven and One, paragraphs 5(a) — (c) is denied.
By The Court,
Wolven, Judge